## RYLAND v. NATCHITOCHES OIL MILL CO., Inc.
### No. 4507.

Court of Appeal of Louisiana. Second Circuit.

June 5, 1933.

John ·R. Hunter, of Alexandria, for appellant.

Hawthorn, Stafford & Pitts, of Alexandria, for appellee.

DREW, Judge.

The plaintiff herein, E. J. Ryland, purchased at the succession sale of the J. E. Bell estate a number of open accounts, including an account against the Natchitoches Oil Mill Company, Incorporated, for $152.15. After failing to collect the account, he filed this suit against the Natchitoches Oil Mill Company, Incorporated.

Defendant pleaded compensation or offset, alleging in its answer that J. E. Bell, prior to his death, was indebted unto defendant in the sum of $188.60 on open account, which amount compensated and extinguished the debt of J. E. Bell against the defendant.

The lower court rejected plaintiff's demand, and he has appealed.

J. E. Bell was engaged in the wholesale grocery business, and between the dates of April 1, 1931, and June 9, 1932, purchased on open account from defendant a quantity of cottonseed meal and hulls amounting, after all credits were given, to $187.35, which amount was due by J. E. Bell to defendant on June 9, 1932. After this date defendant purchased from J. E. Bell goods, wares, and merchandise on open account to the amount of $152.15. Mr. Haynes, of the defendant corporation, testified in regard to the account as follows:

"A. I was collecting for Mr. Bell, but this particular occasion I was collecting an account for a canning factory, of which he owed us an account and while I was in his office I ask him for the account of the Natchitoches Oil Mill, and he had owed the canning factory quite a while and had given us a check that had been returned.

"Q. Did he admit owing the Natchitoches Oil Mill? A. Yes, sir.

"Q. Did he make some arrangement to pay it by you taking some of his goods? A. He said, 'You all will start up soon and will be needing stuff and anything you take from here will offset anything I owe you,' and I bought some roofing and nails and notified the bookkeeper in the office to buy whatever we needed from Mr. Bell until this account was clear."

Some time after this J. E. Bell died and his estate was opened by the appointment of an administrator, who, in the course of winding up the affairs of the estate, which proved to be insolvent, sold the open account under order of court to plaintiff herein.

It seems clear from the undisputed testimony of Mr. Haynes, quoted above, that there was an agreement for compensation to take place between the two accounts which,

prior to the death of J. E. Bell, were of equal standing and equally liquidated and demandable. It is certain that, if J. E. Bell had sued defendant on the account prior to his death, a plea of compensation would have been good. Plaintiff contends that, after the death of Bell, due to his estate being insolvent, the right to plead compensation was lost. This would be true as to a debt against the succession arising subsequent to the death of Bell, but that is not the case here. In the case before us compensation took place, of course, by the mere operation of law, even unknown to the debtors. The two debts were reciprocally extinguished as soon as they existed simultaneously to the amount of their respective sums. Civ. Code, articles 2207, 2208; Oilbelt Motor Co. v. Geo. T. Bishop, Inc., 167 La. 183, 118 So. 881; Low v. Thomas, 4 Rob. 183; Louisiana Bank v. Fowler, 10 Rob. 196.

As soon as defendant owed Bell the $152.15 on open account it was compensated and extinguished by the amount of $188.60 owed to defendant by Bell on open account. That is, before the death of Bell, defendant's debt to him had been extinguished, and Bell owed to defendant the difference between the two accounts, amounting to $36.45. Therefore, when plaintiff purchased the open account against defendant he received nothing, for the said account had already been extinguished by the operation of law during the lifetime of J. E. Bell.

The judgment of the lower court is correct, and therefore is affirmed, with costs.